Opinion of the Court, by
Hobnbloweb, C. J.
The declaration sets out a bond given by the defendant to Ephraim Beach, and by him, assigned by deed, to the plaintiff. The defendant craves oyer, and after setting out the bond &c., pleads. First, Non est factum. Second, That the assignment is not the deed of Beach : and Thirdly, Actio non, because, the said Ephraim Beach, before the assignment in the declaration mentioned, assigned the said writing obligatory, together with the mortgage accompanying the same, to Aaron Johnson and John Johnson, Exrs. &c., to wit: on the 1st day of April, 1836, at &c. and concludes with a verification, and prayer for judgment. On the first and second pleas, the plaintiff has taken issue, and t'o the last, he has filed a general demurrer. The third plea, is no answer to the declaration. It may be true, that the obligee had assigned the bond to the John-sons, before he assigned it to the plaintiff, and yet that the plaintiff is now the assignee of the obligee, and as such entitled under our statute to maintain an action upon it in his own name. It may have been re-assigned by the Johnsons to Beach, and he being the obligee had a right to assign it to the plaintiff, either in his character of obligee or as assignee of the Johnsons. According to our decision in the case of The Bennington Iron Com *366 pany v. Rutherford, 3 Harr. R. 158, a bond does not cease to be assignable after the first assignment.
The defendant to make his plea available, ought to have gone further and averred that the bond had not been re-assigned by the Johnsons : or that it belonged to them, and not to the plaintiff. But even in that shape, it would seem to be a useless plea : since the plaintiff must on the general issue, or at all events, under the plea denying the assignment to him, prove his title to the bond as set out in his declaration : and then it would be competent for the defendant to show an adverse title to the bond.
If the defendant’s object was to be let in to the proof of payments made by him to the Johnsons, he ought by his plea to have shown such payments to them while the bond was in their hands, and before he had any notice of a re-assignment to the obligee. The demurrer must be sustained, with costs.

Demurrer sustained.